IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number  12-CV-00072-CMA-KLM

C. PORTER CUTRELL, an individual

Plaintiff(s)

v.

THE CHRISTIAN BROTHERS OF J.K. MULLEN HIGH SCHOOL, INC., a Colorado corporation

Defendant(s).

---

## STIPULATED PROTECTIVE ORDER

---

The Christian Brothers of J.K. Mullen High School, Inc., ("Mullen High School"), through its attorneys, Zupkus & Angell, P.C., and plaintiff C. Porter Cutrell, through his attorneys, Allen & Vellone, P.C., move for entry of a protective order pursuant to Federal Rule of Civil Procedure 26.

**IT IS HEREBY ORDERED THAT:**

1.    The Defendant, Mullen High School may designate as "Confidential Material" information and documents relating to its coverage through the Religious and Charitable Risk Pooling Trust of the Brothers of the Christian Schools and Affiliates, and the Plaintiff, C. Porter Cutrell, may designate as "Confidential Material" information and documents relating to his personal medical history ("Coverage Materials").  Such

designation may be made by the parties by applying a written statement such as "Confidential" or "Subject to Protective Order" on such documents.  Such designation of Coverage Materials can also be made by either party by informing other counsel in writing that certain documents or categories thereof are Confidential Material.  If either party has so informed the other counsel that any Coverage Materials are to be treated as "Confidential Material," then the lack of a notation on the documents shall not be considered a wavier of the right to seek protection of otherwise confidential information.

2.      Documents designated as Confidential Material under this Protective Order shall be used only for the preparation, trial, or settlement of this lawsuit, and for no other purpose except as may be required by law or court process.  If Confidential Material is to be disclosed pursuant to law or court process (aside from the instant litigation), the party designating the Confidential Material shall be given at least 10 days advance notice, before any party makes the disclosure, to afford the designating party an opportunity to object to such disclosure or to seek further appropriate relief.

3.      If a party objects to the designation of any document as Confidential Material, the party shall advise the designating party promptly, in writing, of the objections and the reasons therefore.  In that event, all items so designated shall be treated as Confidential Material pending resolution of the dispute. If the parties involved fail to resolve the dispute among themselves, it shall be the obligation of the designating party to move promptly *pursuant to MJ Mix's discovery procedures* (i.e., within 10 days of the parties' failure to resolve the dispute *KLM* among themselves) for a ruling from the Court concerning the confidentiality of the

items in dispute.  Nothing contained in this paragraph shall alter the burden of proof regarding the confidentiality of materials.

4.     Any party wishing to file Confidential Material shall seek to do so under seal, and shall comply with D.C.COLO.LCiv.R 7.2.  In the event the Court denies a request to restrict access to Confidential Material under D.C.COLO.LCiv.R 7.2, the parties shall confer in an effort to resolve the issue.  If the parties are unable to resolve the matter informally, either party may seek to re-designate the Confidential Material pursuant to the terms of this Stipulated Protective Order.  .

5.     To the extent that any party shall need to use any Confidential Material to question a witness in the course of a deposition taken in this case, the Confidential Material and the portion of the transcript of the deposition that refers to the Confidential Material shall be maintained as if subject to this Stipulated Protective Order.

6.     The parties specifically agree that "good cause," as referred to in Federal Rule of Civil Procedure 26, exists with respect to information and documents relating to its coverage through the Religious and Charitable Risk Pooling Trust of the Brothers of the Christian Schools and Affiliates ("the Trust"), and that serious injury would result to Mullen High School as contemplated by D.C.COLO.LCiv.R 7.2B(3), on the bases that: (i) the Trust is a risk pooling trust organized and doing business in accordance with the Illinois Religious and Charitable Risk Pooling Trust Act, 215 ILCS 150/1 *et seq.*; (ii) the Trust is comprised of numerous Catholic Member Organizations, and has established a trust fund for the purpose of providing protection against financial loss for itself and its Member Organizations; (iii) due to the nature of the Trust and its Member

3

Organizations, including Mullen High School, documents and information relating to the Trust's coverage for Mullen High School contain sensitive information relative to the Trust's financial position and that of its Member Organizations, including the Defendant, with respect to any potential liability claims that may be brought, or may be currently pending, against the Trust and/or any of its Member Organizations throughout the United States; (iv) because of the sensitive and propriety nature of the Trust's coverage information and documents, the Trust maintains this information and documents as confidential and avoids wide distribution or dissemination of the Trust's coverage documents and the information contained therein; and (v) the Trust and its Member Organizations, including Mullen High School, would be subject to the undue burden and expense associated with the financial risk and exposure that may be caused if information or documents relating to the Trust's coverage were widely disseminated or otherwise made available to the general public as part of a public record.  The parties further agree that "good cause" exists under Federal Rule of Civil Procedure 26, and that serious injury would result to Plaintiff Cutrell as contemplated by D.C.COLO.LCiv.R 7.2B(3), if access to his medical records was not restricted, because such records contain highly confidential and personal information, governed by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy and Security Rules

7.      The persons described below shall be entitled to have access to Confidential Material:

a.      The parties and their counsel and counsel's office personnel;

b.      The Court and all court personnel who have need to read, review, or file confidential materials;

c.      All experts retained by the parties to testify in this case or to assist the parties in their litigation of this action;

d.      Deponents and witnesses who are testifying through a deposition, during hearing or at trial in this matter;

e)      Any other witness, if that witness is shown this Stipulated Protective Order and signs an agreement to be bound by it; and

f)      Any person who authored or received a copy of this document outside of this litigation.

8.      All Confidential Material shall be returned to the designating party within thirty-five (35) days of the conclusion of this lawsuit or shall be destroyed.

9.      Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection shall not constitute a waiver of either any available privilege or protection by the disclosing party.   In the event that the receiving party discovers that it has received either attorney-client privilege or work-product-protected documents, it shall bring that fact to the attention of the producing party immediately upon that discovery.   Upon the request of the producing party, the receiving party shall promptly return any attorney-client privilege or work-product-protected document and any copies which the receiving party may have made thereof to the producing party.   Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to

the attorney-client privilege or work-product-protected document.  No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party unless it is admissible on other grounds.

10.    Neither this Stipulated Protective Order nor production of information or documents in discovery in this case shall in any way constitute a waiver of the right of any party to object to the admissibility or use of such information and documents at the trial of this case or in other proceedings in this case, and the parties reserve all rights to object.

11.    This Stipulated Protective Order shall remain in full force and effect unless and until (and to the extent not) modified, superseded, or terminated by consent of the parties or by order of the Court.


**STIPULATED TO BY (on behalf of themselves and their clients):**

Dated: April  17<u>th</u>, 2012

By:    <u>s/ Robert A. Zupkus</u>
**Robert A. Zupkus, Esq.**
Zupkus & Angell, P.C.
Attorney for the Defendant The Christian
Brothers of J.K. Mullen High School, Inc.


By:    <u>s/ Matthew Wolf</u>
**Matthew Wolf, Esq.**
Allen & Vellone
Attorney for the Plaintiff C. Porter Cutrell

*******************************************************************************

ENTERED this _____ day of _April_____, 2012.

BY THE COURT:

_____

United States District Court Judge

Magistrate